GEORGE CHAMBERS, Appellant, v. HENRY OEHLER, *et al.*

**Pleading:** JOINDER OF CAUSES. A complaint in an action to recover damages for an alleged unlawful arrest for failure to obey a subpena brought against the justice who issued the subpena and the warrant, the parties who served them, the sureties on the official bond of the justice and one who filed an affidavit in reference to which the subpena was issued, which complaint charges in one count oppression, annoyance and extortion, and in another a conspiracy to cheat and defraud, is not, after a dismissal of the suit as to the sureties, demurrable for misjoinder of causes of action and misjoinder of parties, under Code 1873, section 2630.

*Appeal from Delaware District Court.*—HON. J. J. TOLERTON, Judge.

SATURDAY, DECEMBER 18, 1897.

ACTION at law to recover for the alleged wrongful arrest of the plaintiff in proceedings intended to punish him for an alleged contempt of court. The defendant Wessel demurred to the petition on two grounds. The demurrer was sustained as to the first ground, and overruled as to the second. The plaintiff elected to stand on his petition as to Wessel, and as to him the cause

was dismissed by the court.  The plaintiff appeals.—
*Reversed.*

*S. T. Richards, E. C. Perkins,* and *Arthur A. House*
for appellant.

*Bronson & Carr* for appellee Wessel.

ROBINSON, J.—The petition contains two counts.  In
the first, plaintiff alleges that on the fourth day of July,
1893, the defendant and Oehler, a justice of the peace
within and for Dubuque county, issued a subpoena com-
manding the plaintiff to appear forthwith before him, at
his office in Dyersville to testify in a certain suit wherein
one Sarah Jane Galloway was plaintiff, and the Chi-
cago, Milwaukee & St. Paul Railway Company was
defendant; that on the same day the subpoena was
served on the plaintiff by the defendant Wessel; that
afterwards, and on the same day, Oehler issued a war-
rant for the arrest of the plaintiff, and that he was then
and there taken into custody by the defendant Meyers,
under and by virtue of the warrant, and compelled by
Meyers to go with him as a prisoner to the town of New
Wine or New Vienna, and through the public streets
thereof, before the justice, by whom the plaintiff was
then accused of contempt of court, for disobeying the
subpoena; that the justice, after denying the plaintiff
the rights of counsel and of making defense in his own
behalf, adjudged him guilty of the offense charged, and
assessed a fine of five dollars and costs against him,
which he then paid.  The count further alleges that the
plaintiff could not legally be required to appear before
the justice on the day stated; that no proceeding or trial
in which process could lawfully issue was then pending
before the justice; that the subpoena and warrant and
all proceedings thereunder were wholly without juris-
diction, and the acts of the defendants were willful,

malicious, wholly without cause or jurisdiction, and for the purpose of oppressing and annoying the plaintiff, and to extort money from him, in violation of law; that the plaintiff sustained damage by reason of the treatment, indignity, insult, and outrage, in the sum of two thousand dollars; that the justice executed an official bond in the sum of five hundred dollars, with the defendants Gehrig and Freyman as sureties, the conditions of which were broken by reason of the alleged fraud and oppression practiced upon the plaintiff. A copy of the bond is made a part of the petition. The second count is based upon the same transaction, and alleges that the defendants Oehler, Wessel, Meyers, and one M. C. Lane, fraudulently and maliciously conspired and confederated together for the purpose of cheating and defrauding the plaintiff, and obtaining money from him, as fees, unlawfully, by means of the willful and malicious oppression of the plaintiff by Ochler in pretending to act in his official capacity; that, in furtherance of the conspiracy, and as part of the common design, Lane appeared before the justice on the fourth day of July, 1893, and filed with him an affidavit in which Lane falsely and fraudulently pretended and assumed to represent the Chicago, Milwaukee & St. Paul Railway Company, in the capacity of a claim agent, and falsely and fraudulently claimed that it was necessary that papers be served upon the railway company on that day. The averments of the first count are then repeated in substance, and a copy of the affidavit of Lane is attached to the count.

The ground of Wessel's demurrer, which was sustained by the court, is as follows: "The facts stated in the first and second counts of said petition, and each of them, show that plaintiff is not entitled to the relief demanded against this defendant, in this, that said counts, and each of them, show upon their face that

several causes of action are joined therein against differ-
ent parties; that each of said counts shows, not only
that there is a misjoinder of causes of action, but of
parties also." After the demurrer was filed, but before
the ruling thereon was made, the plaintiff dismissed the
action as to the sureties Gehrig and Ferguson. Before
the action was dismissed as to the sureties, each count
stated a cause of action against Oehler, Wessel, and
Meyers, independent of the official bond of the justice,
and another cause of action on the bond against the
sureties. But one cause of action was stated against
Oehler in each count, although the plaintiff had the
right to seek a recovery on the bond, or without regard
to it, as he should elect. All of the facts upon which the
plaintiff relied to show fraud and oppression contrary
to the conditions of the bond were shown by the aver-
ments which were designed to state a cause of action
against Oehler independent of the bond, and the state-
ments with reference to that added nothing to the aver-
ments which showed liability on his part. The prayer
for relief applied to both counts, and was in words as
follows: "Wherefore plaintiff demands judgment
against all of said defendants in the sum of five hun-
dred dollars, and also judgment against Henry Oehler,
Barney Wessel, and Frank Meyers for fifteen hundred
dollars in addition to the above sum, with costs." It
will be observed that the prayer as against all of the
defendants but the sureties is in precisely the same
language, and no reference is made therein to the bond.
The statements respecting it made in the petition were
designed to show that the sureties were liable. The dis-
missing of the action as against the sureties did not,
it is true, withdraw all references to the bond contained
in the petition, but they then became mere surplusage,
without legal effect. Section 2630 of the Code of 1873
contained the following: "Causes of action of what-
ever kind, where each may be prosecuted by the same

kind of proceedings, provided that they be by the same party, and against the same party in the same rights, and if suit on all may be brought and tried in that county, may be joined in the same petition." This is sufficiently broad to permit the joinder of the two causes of action against Oehler, Wessel, and Meyers, which are set out in the two counts of the petition.

It follows from what we have said that, after the case was dismissed as to the sureties, there was no misjoinder of causes of action nor of parties, and that for that reason, if for none other, the demurrer was improperly sustained upon the ground in question. Attention is called to the fact that Oehler was a justice of the peace of Dubuque county, and that, under section 2579 of the Code of 1873, an action on the official bond of a public officer must be brought in the county where the cause of action arose, and that the causes of action alleged in this case arose in Dubuque county. It is said that for that reason Oehler was wrongfully made a party in Delaware county. But the objection thus made was not presented by the demurrer, and, as we have seen, when it was sustained, the action was not on an official bond. In view of the conclusions we have stated, it is unnecesssary to determine whether the proper method of presenting the objections upon which Wessel relied was by motion or by demurrer. For the reason shown, the judgment of the district court is REVERSED.